UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KINSLEY F. NYCE,

    Plaintiff,

v.

STEPHEN D. JONES, *et al.*,

    Defendants.

Case No. 2:19-cv-13
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court for consideration of the following:

- Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 25) filed by Defendants Richard Dove ("Defendant Dove"), Paul Demarco ("Defendant Demarco"), David Dingwell ("Defendant Dingwell"), Ashley Pike ("Defendant Pike"), and the Ohio Board of Professional Conduct ("the Board");

- Motion to Dismiss for Lack of Jurisdiction (ECF No. 26) filed by Defendants Thomas C. Nuovo ("Defendant Nuovo"), Eric G. Parker ("Defendant Parker"), and Bauer Gravel Farnham, LLP ("Defendant Bauer");

- Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 30) filed by Defendants Stephen D. Jones ("Defendant Jones"), Roetzel & Andress, LPA ("Defendant Roetzel"), Arthur R. Goldner & Associates, Inc. ("Defendant Goldner"), and NC Plaza, LLC ("Defendant NC Plaza");

- Motion to Dismiss for Failure to State a Claim (ECF No. 32) filed by Defendants Genesis Health Care, Inc. ("Defendant Genesis"), 300 Pearl St. Operations LLC d/b/a/ Burlington Health & Rehabilitation Center ("Defendant Burlington"), KHOI New Limited Partnership d/b/a Kindred Transitional Care & Rehabilitation—Birchwood Terrace ("Defendant Birchwood"), and Kindred Healthcare, LLC ("Defendant Kindred");

- Motion to Dismiss for Lack of Jurisdiction (ECF No. 34) filed by Defendants Kelly Hayes ("Defendant Hayes"), Erin Saylor ("Defendant Saylor"), and Elizabeth Stotler ("Defendant Stotler");

- Motion to Dismiss for Lack of Jurisdiction (ECF No. 35) filed by Defendants Renee L. Mobbs ("Defendant Mobbs"), and Sheehey Furlong & Behm P.C. ("Defendant Sheehey");

- Motion to Dismiss for Lack of Jurisdiction (ECF No. 39) filed by Defendant Terry K. Sherman ("Defendant Sherman");

- Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 40) filed by Defendant Steven S. Nolder ("Defendant Nolder");

- Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 41) filed by Defendant Robert A. Brazil ("Defendant Brazil");

- Response in Opposition to Defendant Nolder and Defendant Sherman's Motions to Dismiss (ECF No. 42);

- Reply brief (ECF No. 43) filed by Defendant Nolder and Defendant Sherman;

- Response in Opposition to Defendant Nuovo, Defendant Parker, Defendant Bauer, Defendant Hayes, Defendant Saylor, and Defendant Stotler's Motions to Dismiss (ECF No. 44);

- Unified Responsive Pleading to Defendants' Motions to Dismiss (ECF No. 46);

- Reply brief (ECF No. 47) filed by Defendant Hayes, Defendant Saylor, and Defendant Stotler;

- Reply brief (ECF No. 48) filed by Defendant Nuovo, Defendant Parker, and Defendant Bauer;

- Combined Reply brief and Motion to Strike Document 46 (ECF No. 49) filed by Defendant Dove, Defendant Demarco, Defendant Dingwell, Defendant Pike, and the Board;

- Reply brief (ECF No. 50) filed by Defendant Jones, Defendant Roetzel, Defendant Goldner, and Defendant NC Plaza;

- Combined Reply brief and Motion to Strike Document 46 (ECF No. 51) filed by Defendant Mobbs and Defendant Sheehey;

- Reply brief (ECF No. 52) filed by Defendant Brazil;

- Reply brief (ECF No. 53) filed by Defendant Genesis, Defendant Burlington, Defendant Birchwood, and Defendant Kindred; and

- Combined Response in Opposition to Motion to Strike filed by Defendants Dove, Demarco, Dingwell, Pike, and the Board; and Motion to Appoint Special Master for Declaratory Action Review (ECF No. 55).

For the reasons that follow, the Court **GRANTS** Defendants' Motions to Dismiss. (ECF Nos. 25, 26, 30, 32, 34, 35, 39, 40, and 41). The Court **DENIES** Defendants' Motions to Strike (ECF Nos. 49 & 51), and the Court **DENIES as moot** Plaintiff's Motion to Appoint a Special Master (ECF No. 55). Plaintiff's claims against Defendants Dove, Demarco, Dingwell, Pike, Nuovo, Parker, Bauer, Jones, Roetzel, Goldner, NC Plaza, Genesis, Burlington, Birchwood, Kindred, Hayes, Saylor, Stotler, Mobbs, Sheehey, Sherman, Nolder, Brazil, and the Board are **DISMISSED with PREJUDICE**.

I.

### A. Factual Background

This case arises from the disbarment of Plaintiff, a formerly licensed attorney living in Columbus, Ohio. (Compl. ¶ 1 & 3, ECF No. 1). Plaintiff was admitted to the practice of law in Ohio in 1982. *Columbus Bar Association v. Nyce*, 152 Ohio St. 3d 501, 501 (2018).[1] As part of his practice, Plaintiff represented Defendants NC Plaza and Goldner in a commercial landlord-tenant action. *Id.* at 502. Defendants NC Plaza and Goldner did not prevail in the action. *Id.* Dissatisfied with Plaintiff's representation, Defendants NC Plaza and Goldner threatened to sue Plaintiff for malpractice and demanded that he provide proof of professional liability insurance.

---

[1] Documents are considered part of the pleadings if they are referenced in the complaint and are central to the plaintiff's claim. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). In addition, "a court ruling on a motion to dismiss 'may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'" *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) (quoting *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)). Plaintiff references the underlying action, *Columbus Bar Association v. Nyce*, 152 Ohio St. 3d 501, 501 (2018), in his Complaint. (Compl. ¶ 1). Accordingly, the Court will properly consider these facts as part of the pleadings by reference.

3

*Id.* According to Plaintiff, Defendants Jones and Roetzel assumed legal representation of Defendants NC Plaza and Goldner after Plaintiff's withdrawal as counsel. (Compl. ¶ 8).

On May 18, 2018, the Columbus Bar Association filed an amended complaint against Plaintiff, alleging that he: (1) "failed to notify his clients [Defendants NC Plaza and Goldner] in writing that he does not maintain professional-liability insurance," (2) "failed to maintain his clients' signed acknowledgements that they had received that notice," (3) failed to maintain "required records documenting the funds held in his client trust account," (4) "commingled personal and client funds," and (5) "made false statements of material fact in connection with the ensuing disciplinary investigation." *Nyce*, 152 Ohio St. 3d at 502. After a two-day hearing, the Board issued a recommendation that Plaintiff be permanently disbarred from the practice of law in Ohio. *Id.* According to Plaintiff, Defendants Dove, Demarco, Dingwell, and Pike served on the Board which handled Plaintiff's disciplinary proceedings. (Compl. ¶ 41). Upon appeal, the Supreme Court of Ohio adopted the Board's findings and permanently disbarred Plaintiff from the Ohio Bar. *Id.* at 502. On March 12, 2018, this Court issued an Order disbarring Plaintiff from the practice of law in the Southern District of Ohio. (*Id.* ¶ 1; *see In the Matter of Kinsley F. Nyce*, Case No. 2:18-MC-017).

In his Complaint, Plaintiff claims "Defendants acted by subterfuge and intention utilizing the Ohio attorney discipline process to deprive Plaintiff of rights in multiple [threatened] and or active filed civil litigation, cases in, Franklin County Ohio, State of Vermont (multiple venues), United States District Court Vermont." (*Id.*). First, Plaintiff alleges that out-of-state Defendants Nuovo, Parker, Mobbs, Tymula, Hayes, Stotler, Lorrah, Saylor, Brazil, Bauer, Sheehey, Burgeon, Genesis, Burlington, Birchwood, and Kindred "acted in unison and in interchanged roles and representations publishing, filing, stating that Plaintiff had been dishonest in many

forms and forums" even though such claims "were knowingly made false." (*Id.* ¶ 4).[2] Plaintiff further contends that numerous Defendants forced him to violate the Rules of Professional Conduct by "requiring Plaintiff to [d]isclose sealed records and documents Plaintiff was not permitted to disclose." (*Id.* ¶ 6). Plaintiff alleges these forced disclosures were achieved through "acts of extortion, intimidation, includ[ing] multiple physical acts of actual violence, threatened criminal charges, threatened acts of administrative authority actions and charges, including express verbal threats wanting Plaintiff[']s death." (*Id.* ¶ 6).

Plaintiff claims that Defendants Nolder, Sherman, Clous, Campbell, and Brown were members of the Certified Grievance Committee which investigated his purported misconduct. (*Id.* ¶ 41). In Plaintiff's view, neither Defendant Nolder nor Defendant Sherman "received [the] required training[,] education and development of requisite skills adequate to properly perform the role that each intentionally and maliciously undertook regarding Plaintiff at the direction of" Defendants Clous, Campbell, Brown, and the Columbus Bar Association ["CBA"]. (*Id.* ¶ 49). Specifically, Plaintiff alleges that Defendants Nolder, Sherman, Clous, Campbell, Brown, and the CBA improperly failed to provide the Board with a "three-ring binder (recalled being 184 (+-) pages) of documents including executed forms demonstrating client knowledge and waiver of professional insurance coverage . . ." (*Id.* ¶ 27).

Additionally, Plaintiff asserts that Defendants Nolder, Sherman, Clous, Campbell, Brown, and the CBA: (1) engaged in ex parte communications with the Board, (2) altered deposition testimony, (3) altered State of Ohio records, (4) damaged Plaintiff's deposition exhibits, (5) extended the investigation process from 60–90 days to nearly three years, and (6)

---

[2] The Court notes that Plaintiff asserts claims against twenty-nine Defendants. Named Defendants Stephanie Lee Tymula; Janice Lorrah; Burgeon Legal Group, LTD, Co.; A. Alysha Clous; Bruce A. Campbell; Lori Brown; and Columbus Bar Association did not move to dismiss Plaintiff's claims.

received substantial business benefits from investigating Plaintiff, a "conduit competitor." (*Id.* ¶ 27–48). Finally, Plaintiff alleges he did not receive a fair hearing before the Ohio Supreme Court. According to Plaintiff, he was "permitted only 15 minutes before the Ohio Supreme Court to outline the factually and legally baseless claims made against Plaintiff, after nearly three years of investigation." (*Id.* ¶ 42). Moreover, Plaintiff claims Defendants Nolder and Sherman maintain a "long-term relationship with two witnesses sought by Defendants to testify in Plaintiff[']s case." (*Id.* ¶ 50). Plaintiff avers that Defendant Nolder, Defendant Sherman, and the two witnesses enjoyed "mutually beneficial" financial and professional favors as a result of this witness testimony. (*Id.*).

## B. Procedural History

Plaintiff, proceeding pro se, filed his Complaint against twenty-nine named Defendants on January 3, 2019. (*See* Compl.). Plaintiff asserts claims for: (1) declaratory judgment, (2) violations of the Fair Debt Collection Practices Act ("FDCPA"), (3) violations of the Ohio Consumer Sales Practices Act ("OCSPA") (O.R.C. § 1345), (4) aiding and abetting fraud, (5) joint venture, (6) violations of the Sherman Act, (7) abuse of process, (8) malicious prosecution, (9) civil conspiracy pursuant to 42 U.S.C. § 1983, and (10) business defamation. (*Id.* ¶ 52–61). Plaintiff seeks compensatory damages, punitive damages, and costs. (*Id.* ¶ 63). As to the declaratory relief, Plaintiff seeks judicial review of his disbarment from the Supreme Court of Ohio and his disbarment from the Southern District of Ohio. (*Id.* ¶ 1).

By way of nine separate motions, twenty-four Defendants have moved the Court to dismiss Plaintiff's claims. Plaintiff responded to all motions, mostly via his Unified Responsive Pleading. (*See* ECF No. 46). All twenty-four Defendants replied. Defendants Dove, Demarco, Dingwell, Pike, Mobbs, Sheehey, and the Board move the Court to strike Plaintiff's Unified

6

Responsive Pleading. (ECF Nos. 49 & 51). Plaintiff moves the Court to appoint a special master in his declaratory judgment action. (ECF No. 55). The time for filing has passed and all motions are ripe for review.

## II.

Initially, the Court will consider Defendants' Motions to Strike Plaintiff's Unified Responsive Pleading (ECF Nos. 49 & 51), and Plaintiff's Response in Opposition (ECF No. 55). Defendants Dove, Demarco, Dingwell, Pike, Mobbs, Sheehey, and the Board move to strike Plaintiff's Unified Responsive Pleading (ECF No. 46) as untimely and non-compliant with the Local Rules. (See Mobbs & Sheehey Mot. to Strike and Reply at 3, ECF No. 51). According to these Defendants, Plaintiff filed his response in opposition "**more than 23 days after the deadline imposed by the local rules.**" (*Id.*) (emphasis in original). In addition, these Defendants argue that Plaintiff's Unified Responsive Pleading "does not comply with Loc. R. 7.1(a)(3), which requires that all memoranda exceeding 20 pages include some sense of organization, including a combined table of contents and a 'succinct, clear, and accurate summary' of the main sections of the memorandum." (*Id.*).

Plaintiff asks for leniency regarding his missed deadline, averring he did not file the Response in Opposition with "any intention of delay." (Pl.'s Opp'n to Mot. to Strike at 3, ECF No. 55). Plaintiff cites: (1) his pro se status, (2) ongoing health issues and physical limitations, and (3) difficulty securing counsel as explanations for his late filing. (*Id.* at 3–4). While these facts may not be sufficient to excuse Plaintiff's late filing and non-compliant format, the Court notes its ruling on Defendants' Motions to Dismiss would be the same regardless of whether Plaintiff's Unified Responsive Pleading is considered. Accordingly, the Court **DENIES** Defendants' Motions to Strike. (ECF Nos. 49 & 51).

## III.

Next, the Court considers Defendants' Motions to Dismiss. For clarity, the Court categorizes and addresses Defendants' Motions based on their primary arguments: (1) lack of personal jurisdiction, and (2) failure to state a claim upon which relief can be granted.

### A. Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal when a court lacks personal jurisdiction over a defendant. In considering a motion to dismiss for lack of personal jurisdiction, district courts have discretion to either decide the motion on the pleadings alone, permit discovery in aid of deciding the motion, or conduct an evidentiary hearing to resolve any apparent factual questions. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)).

Plaintiff bears the burden of establishing personal jurisdiction. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (citing *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006)). Where a Rule 12(b)(2) motion is decided solely on written submissions, the plaintiff's burden is "relatively slight;" the court must view all of the pleadings and affidavits in a light most favorable to the plaintiff, and to defeat dismissal, the plaintiff need only make a *prima facie* showing that personal jurisdiction exists. *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Shaker Constr. Grp. LLC, v. Schilling*, No. 1:08-cv-278, 2008 WL 4346777, at *1 (S.D. Ohio Sept. 18, 2008).

Indeed, as the Sixth Circuit has explained, a court disposing of a 12(b)(2) motion "does not weigh the controverting assertions of the party seeking dismissal." *Theunissen*, 935 F.2d at 1459. The Sixth Circuit has adopted this approach "to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional

facts." *Id.* Federal courts apply the law of the forum state when deciding whether personal jurisdiction exists over a defendant. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Thus, to find personal jurisdiction over Defendants, the Court must determine: (1) whether Defendants' actions meet the criteria of Ohio's long-arm statute, O.R.C. § 2307.382, and (2) whether the Court's jurisdictional exercise comports with the due process requirements of the United States Constitution. *CompuServe, Inc.*, 89 F.3d at 1262.

### 1. Ohio's Long-Arm Statute

Ohio's long-arm statute allows Ohio courts to exercise personal jurisdiction over out-of-state defendants on claims arising from nine specific situations. O.R.C. § 2307.382(A). If the Court finds that personal jurisdiction is lacking under Ohio's long-arm statute, it need not consider whether the exercise of jurisdiction would comport with due process. *See Grigor v. Starmark Hospitality Group LLC*, No. 2:10-CV-20, 2010 WL 2403137, at *6 (S.D. Ohio June 10, 2010) ("Because this Court has concluded that Plaintiff has failed to establish that § 2307.382(A)(1) or § 2307.382(A)(6) apply, the Court need not and does not [find] whether exercising jurisdiction would comport with due process"). The long-arm statute provides that:

(A) A Court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

    (1) Transacting any business in the state;

    (2) Contracting to supply services or goods in this state;

    (3) Causing tortious injury by an act or omission in this state;

    (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

    (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the state of goods outside this state

when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

O.R.C. § 2307.382(A).

Out-of-state Defendants Nuovo, Parker, Bauer, Hayes, Saylor, Stotler, Mobbs, Sheehey, and Brazil argue that Ohio's long-arm statute does not confer personal jurisdiction over Plaintiff's claims. (Nuovo *et al.* Mot to Dismiss at 7, ECF No. 26; Hayes *et al.* Mot. to Dismiss at 5, ECF No. 34; Mobbs & Sheehey Mot. to Dismiss at 9, ECF No. 35; Brazil Mot. to Dismiss at 7, ECF No. 41).[3] First, Defendants contend there are only two provisions in the Ohio long-

---

[3] Defendants Stotler, Saylor, and Hayes submitted affidavits testifying that they: (1) have never practiced law in Ohio, (2) have never lived, voted, or owned any property in Ohio, (3) have never filed "a grievance against the Plaintiff in Vermont or Ohio" or "participate[d] in the Ohio disciplinary system." (See Stotler, Saylor, Hayes Aff. ¶ 5–7, ECF Nos. 34-1, 34-2, 34-3). Defendant Mobbs testified: (1) she is an attorney licensed to practice law in Vermont, (2) is not and has never been licensed to practice in Ohio, (3) is a principal at the law firm Sheehey Furlong & Behm P.C., which is domiciled in Vermont and does not maintain an office in Ohio, and (4) "did not serve as a witness for the Columbus Bar Association . . . relating to any disciplinary proceeding against [Plaintiff]." (Mobbs. Aff., ECF No. 35-1).

Defendants Nuovo, Parker, and Bauer acknowledge they informed the Ohio Bar Association of a potential ethical violation committed by Plaintiff in Vermont. (Nuovo et al. Mot. to Dismiss at 9–10). However, they state "[n]one of the moving Defendants are residents of Ohio," or "have been to Ohio for any action related to the claims brought by the Plaintiff." (*Id.* at 8). Similarly, Defendant Brazil, an attorney licensed in Vermont, argues he does not regularly transact business in Ohio and "Plaintiff cannot establish [he] did some act in line with R.C. 2307.382(A)(1)–(9)." (Brazil Mot. to Dismiss at 8).

arm statute which could potentially apply to Plaintiff's claims:

> (3) Causing tortious injury by an act or omission in this state;
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

(*See* Nuovo *et al.* Mot. to Dismiss at 6) (citing O.R.C. §§ 2307.382(A)(3) & (6)). According to Defendants Nuovo, Parker, and Bauer, "[n]one of the other sections could apply as there is no accusation the Defendants: 1) transacted any business in Ohio; 2) supplied any services or goods in Ohio; 4) regularly solicits business or renders services in Ohio; 5) sells any goods; 7) that any criminal activity occurred, 8) own real estate in Ohio, or 9) sell insurance." (*Id.* at 7 n.2).

Second, Defendants maintain that Ohio's long-arm statute does not confer jurisdiction to Plaintiff's claims under either O.R.C. §§ 2307.382(A)(3) or (6) because statements made during attorney disciplinary proceedings are immune from civil action. Defendants Hayes, Saylor, and Stotler cite *Hecht v. Levin*, in which the Supreme Court of Ohio held that participation in the Ohio attorney disciplinary system is absolutely privileged. 66 Ohio St. 3d 458, 465 (1993) ("a statement made in the course of an attorney disciplinary proceeding enjoys an absolute privilege against a civil action based thereon as long as the statement bears some reasonable relation to the proceeding"). Similarly, Defendants Mobbs, Sheehey, Nuovo, Parker, and Bauer analogize the instant action to *Eye Medical & Surgincal Ass'n, Inc. v. Advantage Health Partners*, in which an Ohio Court of Appeals held that absolute immunity from personal jurisdiction "extends to all persons, whether governmental, expert, or lay witnesses, integral to the trial process." No. 84585, 2005 WL 23360, at 3 (Ohio App. Ct. Jan. 6, 2005) (quoting *Storck v. Suffolk County Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 945 (E.D.N.Y. 1999)).

Plaintiff provides no affidavit to support his factual contentions. Instead, Plaintiff

merely asserts that "Defendants have taken advantage of the opportunity of conducting activities within Ohio, coercively intended and falsely [made,] thus placing each Defendant within both the benefits and protections of (the Long Arm statutes) of Ohio." (Pl.'s Unified Resp. Pleading at 11, ECF No. 46). Accordingly, the Court must determine whether the facts asserted in Plaintiff's Complaint establish a *prima facie* case for personal jurisdiction. *Theunissen*, 935 F.2d 1454, 1459 ("Dismissal [is] only proper if all the specific facts [Plaintiff] alleged collectively failed to state a *prima facie* case for jurisdiction under the appropriate standards").

Defendants' arguments are well taken. Even construing the facts in Plaintiff's favor, Defendants' alleged tortious conduct cannot trigger Ohio's long-arm statute. As Defendants Hayes, Saylor, Stotler, Mobbs, Sheehey, Nuovo, Parker, and Bauer accurately note, statements made during Ohio attorney disciplinary proceedings are immune from civil liability. *Hecht*, 66 Ohio St. 3d at 465 (*see also Lograsso v. Frey*, 10 N.E. 1176, 1184 (Ohio App. Ct. 2014) (grievance filed with disciplinary council of the Ohio Supreme Court enjoyed absolute privilege against defamation liability)). Thus, filing a grievance with the Ohio Supreme Court—even a false one—does not amount to tortious conduct under O.R.C. §§ 2307.382(A)(3) or (6). Consequently, Plaintiff's Complaint fails to establish a *prima facie* showing of personal jurisdiction under the Ohio long-arm statute.

### 2. Due Process Requirement

As this Court has already concluded that Ohio's long-arm statute does not confer personal jurisdiction over Plaintiff's claims against Defendants Nuovo, Parker, Bauer, Hayes, Saylor, Stotler, Mobbs, Sheehey, and Brazil, it need not decide whether exercising jurisdiction would comport with due process. *Fryer v. Ron Wager and Brantz, Gosch & Cremer, LLC*, No. 2:07-CV-00593, 2008 WL 3285913, at *6 (S.D. Ohio Aug. 8, 2008) ("Because jurisdiction over

defendants is not conferred by Ohio's long arm statute, it is unnecessary to resolve whether personal jurisdiction over Defendants would conform to the requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution").

Consequently, the Court lacks personal jurisdiction over Defendants Nuovo, Parker, Bauer, Hayes, Saylor, Stotler, Mobbs, Sheehey, and Brazil. The Court **GRANTS** the Motions to Dismiss filed by these Defendants. (ECF Nos. 26, 34, 35, 41). Plaintiff's claims against these Defendants are hereby **DISMISSED**.

### B. Failure to State a Claim

To determine whether a complaint states a claim upon which relief can be granted, the Court must: (1) accept the factual allegations contained in the pleadings as true, and (2) determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555. Consequently, a complaint will not be dismissed pursuant to rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

In their respective Motions, Defendants Dove, Demarco, Dingwell, Pike, Jones, Roetzel, Goldner, NC Plaza, Genesis, Burlington, Birchwood, Kindred, Sherman, Nolder, and the Board argue Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. According to Defendants Dove, Demarco, Dingwell, Pike, and

13

the Board, "Plaintiff's allegations simply fail to state any cognizable claim for relief." (Dove *et al.* Mot. to Dismiss at 12, ECF No. 25). For the reasons that follow, this Court agrees.

### 1. Violations of the FDCPA, OCSPA, and Sherman Act

Congress enacted the FDCPA to eliminate "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). The statute provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). The OCSPA states, in pertinent part, that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." O.R.C. § 1345.02(A). Finally, the Sherman Act makes "[e]very contract, combination . . . or conspiracy, in restraint of trade" illegal. 15 U.S.C. § 1 (*see also American Needle, Inc. v. National Football League*, 560 U.S. 183, 186 (2010)).

Here, Plaintiff does not assert sufficient facts to plausibly establish a claim under the FDCPA, OCSPA, or the Sherman Act. According to Plaintiff, "[t]he institution of legal proceedings" against him in the Ohio Supreme Court "is violative of the FDCPA." (Compl. ¶ 53). However, Plaintiff does not explain how the attorney grievance process relates to the unfair collection of debt. Nor does Plaintiff plead facts to suggest that Defendants have attempted to collect a debt from him. Moreover, although Plaintiff asserts that Defendants engaged in "unfair, deceptive, or unconscionable consumer transactions" under the OCSPA, he does not plead facts to plausibly establish that Defendants engaged in consumer transactions with Plaintiff. Finally, Plaintiff alleges that Defendants violated the Sherman Act as "active legal and debt collector market participants." (*Id.* ¶ 57). Yet Plaintiff provides no facts to indicate that he engaged in trade with Defendants. Accordingly, Plaintiff's FDCPA, OCSPA, and Sherman Act claims fail pursuant to Rule 12(b)(6).

14

### 2. Aiding and Abetting Fraud

Ohio law does not recognize a cause of action for aiding and abetting fraud. *Blake v. Wells Fargo Bank, NA*, 916 F. Supp. 839, 843 (6th Cir. 2013). "The Supreme Court of Ohio [has] not only held that Ohio does not recognize a cause of action for civil aiding and abetting, it also made explicit that it 'has never recognized a claim under 4 Restatement 2d Torts, Section 876 (1979).'" *Id.* (quoting *DeVries Dairy, L.L.C. v. White Eagle Coop. Ass'n, Inc.*, 132 Ohio St. 3d 516 (2012)). Regardless of the facts alleged, Plaintiff cannot recover under a tort claim for aiding and abetting fraud. Thus, Plaintiff's aiding and abetting claim fails under Rule 12(b)(6).

### 3. Joint Venture to Commit Fraud

"Where a joint business venture exists, each party is liable for the tortious acts of the other committed within the scope of the joint venture." *Meadows v. Air Craft Wheels, L.L.C.*, No. 96782, 2012 WL 253344, at *6 (Ohio App. Ct. Jan. 26, 2012) (citing *Clifton v. Van Dresser Corp.*, 73 Ohio App. 3d 202, 211 (Ohio App. Ct. 1998)). Under Ohio law, a joint business venture is defined as follows:

> A joint business adventure, compositively defined, is an association of persons with intent, by way of contract, express or implied, to engage in the carry out [sic] a single business adventure for joint profit, for which purpose they combine their efforts, property, money, skill and knowledge, without creating a partnership, and agree that there shall be a community of interest among them as to the purpose of the undertaking, and that each coadventurer shall stand in the relation of principal, as well as agent, as to each of the other coadventurers, with an equal right of control of the means employed to carry out the common purpose of the adventure.

*Ford v. McCue*, 163 Ohio St. 498, 504, 127 N.E.2d 209 (1955).

Plaintiff alleges that Defendants "had an agreement, expressed or implied among them," and "a common purpose to be carried out by the group." (Compl. ¶ 56). In addition, Plaintiff contends that Defendants had a common pecuniary interest in "collecting money from consumer Plaintiff" (*Id.*). The Court finds these allegations

15

insufficient to plausibly establish that a joint venture existed. While Defendants Nolder, Sherman, Clous, Campbell, Brown, and the CBA may have acted with a common purpose when investigating Plaintiff's purported misconduct, Plaintiff offers no supporting facts to explain how this investigation amounted to a business venture. Moreover, Plaintiff provides no factual support for his contention that Defendants collected money from him. Accordingly, Plaintiff fails to state a claim upon which relief can be granted with respect to his joint venture allegation.

### 4. Abuse of Process

Under Ohio law, "[t]he three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (citing *Yaklevich v. Kemp, Schaeffer, & Rowe Co. et al.*, 68 Ohio St. 3d 294 (1994)). "The tort action termed 'abuse of process' has developed for 'cases in which legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed.'" *Yaklevich*, 68 Ohio St. 3d at 297 (quoting Prosser & Keeton, The Law of Torts 897, Section 121 (5th ed. 1984)). Therefore, "there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.* (citing Prosser & Keeton at 898).

In his Complaint, Plaintiff alleges that Defendants committed abuse of process because they "intentionally and knowingly placed into motion (multiple and by them interrelated) civil

16

proceedings, in a form and format predicated upon completely false allegation(s), in proper form despite a lack of standing." (Compl. ¶ 58). Plaintiff's own allegations negate the first element of his abuse of process cause of action. To succeed on an abuse of process claim, the legal proceeding at issue must be initiated "in proper form and with probable cause." *See Voyticky*, 412 F.3d at 677. However, Plaintiff alleges that Defendants lacked standing to initiate Ohio disciplinary proceedings. Moreover, Plaintiff contends that Defendants brought grievances against him without sufficient evidence, i.e., the disciplinary proceedings were "predicated upon completely false allegation(s)." (Compl. ¶ 58). Because Plaintiff's contentions undermine the first element of his abuse of process cause of action, this claim fails pursuant to Rule 12(b)(6).

### 5. Malicious Prosecution

To recover for malicious prosecution in Ohio, the Plaintiff must prove: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the [criminal] defendant." *Trussell v. General Motors Corp.*, 53 Ohio St. 3d 142, 144 (1990). "As a general rule no suit will lie for the malicious prosecution of a civil action, where there has been no arrest of the person or seizure of property." *Id.* (quoting *Cincinnati Daily Tribune Co. v. Brunk*, 61 Ohio St. 489 (1990)).

Plaintiff's malicious prosecution claim fails for two reasons. First, Plaintiff's disciplinary proceedings did not resolve in his favor. (*See generally* Compl.). Thus, Plaintiff's allegations cannot satisfy element three of a malicious prosecution claim. Second, Plaintiff raises malicious prosecution in the context of a civil action. As noted *supra*, malicious prosecution is not typically a viable cause of action in civil suits. For these reasons, Plaintiff's malicious prosecution claim must be dismissed under Rule 12(b)(6).

17

### 6. Civil Conspiracy

To plead a cause of action under 42 U.S.C. § 1983, a plaintiff must sufficiently allege two elements: (1) the "violation of a right secured by the Constitution and laws of the United States," and (2) the "deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). To act under the color of state law, a defendant must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). Generally, a defendant is acting under the color of state law "when he abuses the position given to him by the State." *Id.* (citing *Monroe v. Pape*, 365 U.S. 167, 172 (1961) (overruled in part on other grounds)).

Plaintiff alleges a claim for civil conspiracy under § 1983. (Compl. ¶ 60). Turning to the first element of a §1983 claim, the Court considers whether Plaintiff pleaded adequate facts to establish a constitutional violation. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985). No express agreement between the conspirators is necessary to find a civil conspiracy. *Id.* at 944. In fact, "[e]ach conspirator need not have known all of the details of the illegal plan of all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id.* "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim under § 1983." *Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

In the instant action, Plaintiff contends that "Defendants unified, and managed actions operated and worked with each other to violate the rights of Plaintiff, entered into a conspiracy, actionable under 42 U.S.C. § 1983." (Compl. ¶ 60). However, Plaintiff provides no material facts to support his contention. For instance, he does not identify a general conspiratorial objective among Defendants—other than to vaguely note that Defendants intended "to violate the rights of Plaintiff." (*Id.*). Nor does Plaintiff suggest how twenty-nine Defendants engaged in a single plan to disbar him. Finally, Plaintiff does not cite a particular overt act in support of his civil conspiracy claim. Rather, Plaintiff merely suggests that Defendants took "unified" and "managed actions" against him. (*Id.*).

The Court finds these factual allegations too nonspecific and conclusory to satisfy the *Iqbal/Twombly* pleading standard. As a result, Plaintiff fails to establish a plausible constitutional violation under § 1983. Because Plaintiff's civil conspiracy claim fails on prong one of the § 1983 analysis, the Court need not address whether Defendants acted under the color of state law. Plaintiff's civil conspiracy claim must be dismissed pursuant to Rule 12(b)(6).

### 7. Business Defamation

As noted *supra*, "a statement made in the course of an attorney disciplinary proceeding enjoys an absolute privilege against a civil action based thereon as long as the statement bears some reasonable relation to the proceeding." *Hecht*, 66 Ohio St. 3d at 465 (*see also Lograsso*, 10 N.E. at 1184 (grievance filed with disciplinary council of the Ohio Supreme Court enjoyed absolute privilege against defamation liability)). Plaintiff alleges that Defendants made defamatory statements against him during bar disciplinary proceedings. (Compl. ¶ 61). Therefore, his claims are barred under Ohio law. Consequently, Plaintiff fails to state a claim upon which relief can be granted with respect to business defamation.

19

### C. Defendants' Remaining Arguments

Because Plaintiff's claims against the twenty-four moving Defendants fail under Rules 12(b)(2) and 12(b)(6), the Court declines to address subject matter jurisdiction pursuant to Rule 12(b)(1). As such, Defendants' arguments concerning the *Rooker-Feldman* Doctrine are moot. Defendants' remaining arguments regarding *res judicata*, absolute quasi-judicial immunity, Eleventh Amendment immunity, qualified immunity, and Rule 8 are also moot.

### IV.

The Court dismisses Plaintiff's claims against the moving Defendants pursuant to Rules 12(b)(2) and 12(b)(6). Thus, his Motion to Appoint a Special Master is **DENIED as moot**. (ECF No. 55).

### V.

For the reasons set forth above, the Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 25, 26, 30, 32, 34, 35, 39, 40, and 41); **DENIES** Defendants' Motions to Strike (ECF Nos. 49 & 51); and **DENIES as moot** Plaintiff's Motion to Appoint a Special Master (ECF No. 55). Plaintiff's claims against Defendants Dove, Demarco, Dingwell, Pike, Nuovo, Parker, Bauer, Jones, Roetzel, Goldner, NC Plaza, Genesis, Burlington, Birchwood, Kindred, Hayes, Saylor, Stotler, Mobbs, Sheehey, Sherman, Nolder, Brazil, and the Board are **DISMISSED with PREJUDICE**.

**IT IS SO ORDERED.**

6-11-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE