UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KINSLEY F. NYCE,

              **Plaintiff,**

   **v.**

STEPHEN D. JONES, *et al.,*

       **Defendants.**

**Case No. 2:19-cv-13**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court for consideration of a Motion to Dismiss for Failure to State a Claim filed by Defendants: Columbus Bar Association ("CBA"), A. Alysha Clous ("Clous"), Bruce A. Campbell ("Campbell"), and Lori Brown ("Brown"). (ECF No. 58). Plaintiff, a formerly licensed attorney living in Columbus, Ohio, brings this action to challenge his disbarment. (Compl. ¶ 1 & 3, ECF No. 1). Plaintiff claims that Defendants Clous, Campbell, and Brown, among others, were members of the Certified Grievance Committee ("Committee") which investigated his purported misconduct. (*Id.* ¶ 41). In Plaintiff's view, two investigators on the Committee did not "receiv[e] [the] required training[,] education and development of requisite skills adequate to properly perform the role that each intentionally and maliciously undertook regarding Plaintiff at the direction of" Defendants Clous, Campbell, Brown, and the CBA. (*Id.* ¶ 49).

Plaintiff further alleges that Defendants Clous, Campbell, Brown, and the CBA improperly failed to provide the Board with a "three-ring binder . . . of documents including executed forms demonstrating client knowledge and waiver of professional insurance coverage."

(*Id.* ¶ 27). Additionally, Plaintiff asserts that Defendants Clous, Campbell, Brown, and the CBA: (1) engaged in ex parte communications with the Board, (2) altered deposition testimony, (3) altered State of Ohio records, (4) damaged Plaintiff's deposition exhibits, (5) extended the investigation process from 60–90 days to nearly three years, and (6) received substantial business benefits from investigating Plaintiff, a "conduit competitor." (*Id.* ¶ 27–48).

Plaintiff, proceeding pro se, filed his Complaint against thirty-one named defendants on January 3, 2019. (*See* Compl.). Plaintiff asserted claims for: (1) declaratory judgment, (2) violations of the Fair Debt Collection Practices Act ("FDCPA"), (3) violations of the Ohio Consumer Sales Practices Act ("OCSPA") (O.R.C. § 1345), (4) aiding and abetting fraud, (5) joint venture, (6) violations of the Sherman Act, (7) abuse of process, (8) malicious prosecution, (9) civil conspiracy pursuant to 42 U.S.C. § 1983, and (10) business defamation. (*Id.* ¶ 52–61). The Court previously ordered the dismissal of Plaintiff's claims against twenty-four of the thirty-one defendants (ECF No. 57). On June 12, 2019, Defendants Clous, Campbell, Brown, and the CBA ("Defendants") filed a Motion to Dismiss. (ECF No. 58). Plaintiff did not respond. On July 9, 2019, the Court directed Plaintiff to file his Response in Opposition on or before July 12, 2019. (ECF No. 59). Once again, Plaintiff did not respond. Accordingly, the Court considers Defendants' Motion unopposed.

In their Motion, Defendants argue that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. to Dismiss at 4, ECF No. 58). Citing the Court's June 11, 2019 Opinion and Order (ECF No. 57), Defendants contend they were in the same situation as previous co-defendants Sherman and Nolder because they were "acting on behalf of the Columbus Bar Association Grievance Committee to investigate the professional conduct of the Plaintiff." (*Id.*).

Accordingly, Defendants argue that Plaintiff's claims should be dismissed for the reasons discussed in the Court's previous Opinion and Order. (*Id.* at 4–6).

Defendants' position is well taken. For the reasons stated in its June 11, 2019 Opinion and Order, Plaintiff failed to state a claim upon which relief can be granted. As the Court previously noted, Plaintiff does not allege facts concerning debt collection, consumer transactions, or trade. (Op. & Or. at 14, ECF No. 57). Thus, "Plaintiff does not assert sufficient facts to plausibly establish a claim under the FDCPA, OCSPA, or the Sherman Act." (*Id.*). Plaintiff's aiding and abetting fraud claim must be dismissed because "Ohio law does not recognize a cause of action for aiding and abetting fraud." (*Id.* at 15). In addition, Plaintiff fails to present sufficient facts to plausibly establish a business venture between Defendants—precluding his joint venture claim. (*Id.* at 15–16).

Moreover, as noted previously, Plaintiff does not sufficiently establish the elements of abuse of process or malicious prosecution under Ohio law. (*Id.* at 16–17). Finally, Plaintiff's factual allegations regarding civil conspiracy are "too nonspecific and conclusory to satisfy the *Iqbal/Twombly* pleading standard," and his business defamation claim is barred by absolute privilege. (*Id.* at 19) (*see Hecht v. Levin*, 66 Ohio St. 3d 458, 465 (1993) ("a statement made in the course of an attorney disciplinary proceeding enjoys an absolute privilege against a civil action based thereon as long as the statement bears some reasonable relation to the proceeding")).

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 58). Plaintiff's claims against Defendants Clous, Campbell, Brown, and the CBA are **DISMISSED with PREJUDICE.**

**IT IS SO ORDERED.**

7 - 15 - 2019
_____
DATE

_____
EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**