# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KINSLEY F. NYCE,

    Plaintiff,

v.

STEPHEN D. JONES, *et al.*,

    Defendants.

Case No. 2:19-cv-13
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Stephanie Tymula's ("Defendant Tymula's") and Defendant Burgeon Legal Group Limited's Ltd.'s ("Defendant Burgeon's") (collectively "Defendants'") Motion for Summary Judgment (ECF No. 62); Plaintiff's Response in Opposition (ECF No. 68); and Defendants' Reply (ECF No. 69). For the reasons that follow, Defendants' Motion is **GRANTED**. (ECF No. 62).

## I.

### A. Factual Background

Plaintiff, a formerly licensed attorney living in Columbus, Ohio, initiated this action on January 3, 2019 to challenge his disbarment. (ECF No. 1). Defendant Tymula, a member of the Vermont Bar and employee of Defendant Burgeon, represented Plaintiff in the case *Kindred Nursing Centers East, LLC v. Estate of Barbara L. Nyce and Kinsley F. Nyce*, No. 5:16-CV-73, 2016 WL 3476414 (D. Vt. June 21, 2016) (the "Vermont Litigation"). (Defendant Tymula Aff. ¶ 1–3, ECF No. 62). While representing Plaintiff, Defendant Tymula became aware that Plaintiff had potentially committed "ethical misconduct" regarding the "transfer of his mother's property . . . to himself" and "transactions in his lawyer's trust account." (*Id.* ¶ 4). Defendant

Tymula reported Plaintiff's alleged misconduct to the Columbus Bar Association ("CBA") with the belief that such reporting was "required" pursuant to Rule 8.3 of Vermont Rules of Professional Conduct. (*Id.* ¶ 4–5; *see* Ex. A).

The CBA referred Defendant Tymula's complaint against Plaintiff "to a subcommittee for further investigation." (*Id.* ¶ 6; *see* Ex. B). While the investigation was pending, the Vermont Litigation reached a full and complete settlement. (*Id.* ¶ 7–8; *see* Ex. C). Plaintiff accordingly "released and discharged" all attorneys that represented him, including Defendant Tymula, "from all debts, demands, dues, actions, causes of action, suits and any and all claims, demands, or liabilities relating to the [Vermont] Litigation." (*Id.* ¶ 9; *see* Ex. D). Thereafter, Defendant Tymula received a letter from the CBA informing her Plaintiff had been permanently disbarred based on his "violations of the Ohio Rule of Professional Conduct," separate from and unrelated to the complaint she previously filed. (*Id.* ¶ 10; *see* Ex. E). The CBA also notified Defendant Tymula that, given Plaintiff's disbarment for other violations, "[the CBA was] unable to take any further action" on her specific complaint. (*Id.*).

### B. Procedural History

Plaintiff, proceeding pro se, filed his Complaint against thirty-one named defendants on January 3, 2019. (*See* Compl.). Plaintiff asserts claims for: (1) declaratory judgment, (2) violations of the Fair Debt Collection Practices Act ("FDCPA"), (3) violations of the Ohio Consumer Sales Practices Act ("OCSPA") (O.R.C. § 1345), (4) aiding and abetting fraud, (5) joint venture, (6) violations of the Sherman Act, (7) abuse of process, (8) malicious prosecution, (9) civil conspiracy pursuant to 42 U.S.C. § 1983, and (10) business defamation. (*Id.* ¶ 52–61). The Court previously ordered the dismissal of Plaintiff's claims against twenty-eight of the thirty-one defendants. (ECF Nos. 57 & 60). On July 24, 2019, Defendants Burgeon and Tymula filed a Motion for Summary

Judgment. (ECF No. 62). Plaintiff responded (ECF No. 68), and Defendants replied (ECF No. 69). Defendants' Motion is therefore ripe for review.

## II.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the non-moving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the non-moving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

However, a self-serving statement in an affidavit is insufficient as a matter of law to create a genuine issue of material fact. *Britenriker v. Mock*, No. 08-CV-1890, 2009 WL 2392917, at *5 n.1 (N.D. Ohio July 31, 2009). This is so because the party has produced nothing more than a

"mere scintilla" of evidence. *Id.* (citing *Anderson*, 477 U.S. at 248 & 252). The Court in *Anderson* held that the "mere existence of a scintilla of evidence" should not preclude summary judgment, and summary judgment is appropriate where the evidence is such that no reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248 & 252. The absence of additional evidence to support a party's position beyond his own self-serving testimony is therefore insufficient to overcome a motion for summary judgment. *See Bryant v. Mahoning Cty. Bd. of Comm'rs*, No. 05-CV-2783, 2007 WL 1725314, at *7 (N.D. Ohio Jun. 13, 2007).

## III.

The Court now considers Defendants' Motion for Summary Judgment as to Plaintiff's various claims arising under Ohio law.

### A. Absolute Privilege

Plaintiff asserts several claims under Ohio law, including: declaratory judgment, OCSPA violations, aiding and abetting fraud,[1] joint venture, abuse of process, malicious prosecution, and business defamation. (*See* Compl. ¶ 52–61). Under Ohio law, "statements made in judicial proceedings enjoy an absolute privilege," and the same rule holds for attorney disciplinary proceedings. *Hecht v. Levin*, 613 N.E.2d 585, 588 (Ohio 1993). This absolute privilege applies "against a civil action" based on any statement made during an attorney disciplinary proceeding "as long as the statement is relevant and material to the proceeding." *Id.* The privilege is absolute, meaning it persists "irrespective of the relationship between complainant and attorney," and even regardless of "whether the statement was made in bad faith." *Id.*

Defendant Tymula testified that she submitted a grievance to The Supreme Court of Ohio. (Defendant Tymula Aff. ¶ 5, ECF No. 62). However, Plaintiff's Response in Opposition appears

---

[1] The Court notes there is no cause of action for aiding and abetting fraud under Ohio law. *Blake v. Wells Fargo Bank, NA*, 916 F. Supp. 839, 843 (6th Cir. 2013).

4

to argue that Defendant Tymula is not entitled to absolute immunity concerning the grievance because: (1) she never actually filed a grievance, and (2) the claims in the grievance are false. (Pl.'s Opp'n at 3, ECF No. 68). The Court recognizes that these arguments conflict, but nevertheless addresses each in turn.

Using Plaintiff's own words, Plaintiff contends that Defendants' Motion for Summary Judgment "indicates that Tymula 12. [sic] filed a grievance with the Columbus Bar Association. No such filing was ever filed by Tymula . . . ." (*Id.*). This argument is unpersuasive. First, Plaintiff relies on the grievance heavily and cites to it several times in his Motion in Opposition. (*see generally* Pl.'s Opp'n). Second, Plaintiff attached a copy of the grievance as Exhibit 6 to his Motion in Opposition. (*Id.* Ex. 6).[2] The attached grievance bears the stamp and seal of The Supreme Court of Ohio confirming the grievance was received March 22, 2019. *Id.* Third, Plaintiff previously admitted in his Complaint that Defendant Tymula "filed directly with The Ohio Supreme Court" and he describes the grievance as a "very serious baseless claim[] of attorney impropriety." (Compl. at 11).

Plaintiff also argues that the claims in the grievance are false. (Pl.'s Opp'n at 3). The parties, however, do not dispute that Defendant Tymula's statements in the grievance were for the purpose of attorney disciplinary proceedings. They also do not dispute that her claims of "attorney impropriety" were relevant to the investigative task of the CBA. Thus, Plaintiff's argument is not well taken because "statements made in judicial proceedings enjoy an absolute privilege," and the same rule holds for attorney disciplinary proceedings. *Hecht*, 613 N.E.2d at 588.

---

[2] The complaint is also attached to Defendant Tymula's Motion for Summary Judgment. (Def's. Mot. Summ. J. Ex. A, ECF No. 62).

5

For these reasons, the Court finds that Plaintiff has not raised a genuine dispute as to whether Defendant Tymula is entitled to absolute immunity on his state law claims. Therefore, Defendants' Motion for Summary Judgment on Plaintiff's state law claims is **GRANTED**.

**B. Remaining Federal Claims**

Next, the Court considers Defendants' Motion for Summary Judgment as to the remaining federal law claims: (1) FDCPA violations, (2) Sherman Act violations, (3) civil conspiracy pursuant to 42 U.S.C. § 1983, and (4) Health Insurance Portability and Accountability Act ("HIPAA") violations. (*See* Compl. ¶ 52–61; *see also* Pl.'s Opp'n at 6–7).

**1. Violations of the FDCPA and Sherman Act**

Congress enacted the FDCPA to eliminate "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). The statute provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). The Sherman Act makes "[e]very contract, combination . . . or conspiracy, in restraint of trade" illegal. 15 U.S.C. § 1; *see also Am. Needle, Inc. v. Nat'l Football League*, 560 U.S. 183, 186 (2010).

Even interpreting the facts in Plaintiff's favor, Plaintiff does not assert enough facts to raise a genuine dispute of material fact under the FDCPA or the Sherman Act. According to Plaintiff, "[t]he institution of legal proceedings" against him in The Supreme Court of Ohio "is violative of the FDCPA." (Compl. ¶ 53). Beyond the fact that Plaintiff does not explain how participation in the attorney disciplinary process relates to the unfair collection of debt, as mentioned above, Defendant Tymula's participation in the process is absolutely privileged. Plaintiff is, therefore, barred from bringing a FDCPA claim against Defendant Tymula based on the grievance she filed with The Supreme Court of Ohio.

6

## 2. Civil Conspiracy

To assert a claim under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) the deprivation of a right secured by the Constitution and laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). To act under the color of state law, a defendant must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). Generally, a defendant is acting under the color of state law "when he abuses the position given to him by the State." *Id.* (citing *Monroe v. Pape*, 365 U.S. 167, 172 (1961) (overruled in part on other grounds)).

Plaintiff alleges a claim for civil conspiracy under § 1983. (Compl. ¶ 60). Turning to the first element of a §1983 claim, the Court considers whether Plaintiff raised a genuine dispute of material fact that a constitutional violation occurred. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985). No express agreement between the conspirators is necessary to find a civil conspiracy. *Id.* at 944. In fact, "[e]ach conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id.*

Plaintiff states that "Defendants unified, and managed actions [sic] operated and worked with each other to violate the rights of Plaintiff, [sic] entered into a conspiracy, actionable under 42 U.S.C. § 1983." (Compl. ¶ 60). Plaintiff, however, provides no material facts to support his contention. For instance, he does not identify a general conspiratorial objective among

8

Defendants, other than to vaguely note that Defendants intended "to violate the rights of Plaintiff." (*Id.*). Nor does Plaintiff suggest how Defendants engaged in a single plan to disbar him. Finally, Plaintiff does not cite a particular overt act in support of his civil conspiracy claim. Rather, Plaintiff merely suggests that Defendants took "unified" and "managed actions" against him. (*Id.*).

Interpreting the facts in the light most favorable to Plaintiff, the Court finds Plaintiff does not present sufficient evidence to raise a genuine dispute of material fact as to whether a deprivation of Plaintiff's constitutional right occurred. Because Plaintiff fails to establish a plausible deprivation of a constitutional right his claim fails as a matter of law and the Court need not address whether Defendants acted under the color of state law. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment regarding Plaintiff's § 1983 claim for civil conspiracy.

### 3. HIPAA

Plaintiff argues that he "accomplished completion of Medicaid" without the assistance of Defendant Tymula. (Pl's Reply at 3). He also contends that the documents he provided to either the Vermont state or federal court to "accomplish completion of Medicaid" are "fully (100%) HIPAA protected documents." (*Id.*). Plaintiff admits, however, that in 2015 he sent HIPAA documents to Defendant Tymula so she could help him "accomplish the receipt of Medicaid benefits." (*Id.*). While Plaintiff asserts that he accomplished the receipt of Medicaid benefits himself, he nevertheless contends that Defendant Tymula disclosed HIPAA records concerning himself, Roger G. Nyce, and Barbara Nyce. (*Id.*).

To the extent that Defendant Tymula allegedly disclosed Barbara Nyce's protected HIPAA documents, this Court agrees with Defendant Tymula that Barbara Nyce waived HIPAA protections for her confidential personal and health information. Defendant Tymula directs the

Court's attention to the Alternate Reporter Request and Authorization and Release (the "Release") that Barbara Nyce signed on March 24, 2015. (Pl.'s Opp'n Ex. 7). The Release authorized Defendant Tymula to "intervene on [Barbara Nyce's] behalf in connection with [her] eligibility for Medicaid benefits." (*Id.*). In the Release, Barbara Nyce also agreed to "waive [her] right to confidentiality and any and all claims of action or damages arising from the release or use of records" pursuant to the agreement. (*Id.*). Plaintiff has presented no evidence demonstrating the Release was abrogated other than his own sworn affidavit. Again, this is not enough to create a genuine dispute of material fact. *Britenriker*, 2009 WL 2392917, at *5 n.1. Thus, the Court is not persuaded that the alleged disclosures of Barbara Nyce's documents violated HIPAA.

Likewise, with respect to Plaintiff's claim that Defendant Tymula's disclosed protected HIPAA documents concerning Roger Nyce and himself, Plaintiff has failed to provide any evidence outside of his own sworn affidavit which demonstrates that these alleged disclosures took place. Again, Plaintiff's own self-serving affidavit is not enough to create a genuine dispute of material fact. *Id.*

Interpreting the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has not presented sufficient evidence to raise a genuine dispute of material fact as to whether Defendant Tymula's conduct constituted a violation of HIPAA. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment for Plaintiff's HIPAA violation claim.

## IV.

For the reasons set forth above, the Court **GRANTS** Defendants' Motion for Summary Judgment. (ECF No. 62). Plaintiff's claims against Defendants Tymula and Burgeon are **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

<u>11-8-2019</u>
**DATE**

/s/ Edmund A. Sargus, Jr.
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**